# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TESFAZGHI WOLDEAB, BISRAT ANDEMICAEL,<br><br>　　　　　　　　　　　Plaintiffs,<br><br>　vs.<br><br>7-ELEVEN, INC., et al.,<br><br>　　　　　　　　　　　Defendants. | CASE NO. 06 CV 0615 JM (LSP)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION FOR LEAVE TO AMEND THE COMPLAINT** |

On September 18, 2006, Plaintiffs moved for leave to file their First Amended Complaint ("FAC"), attached as Exhibit A to their Memorandum of Points and Authorities in support of the motion. Defendants oppose the motion. After considering the parties' papers, the court hereby **GRANTS IN PART** and **DENIES IN PART** the motion for the reasons set forth below.

## I.  BACKGROUND

On March 20, 2006, Plaintiffs, immigrants from Eritrea, filed this action against Defendants 7-Eleven, Inc. and Does I-XX, alleging racially discriminatory business practices arising out of the following events. In 2005, Plaintiffs attempted to purchase a 7-Eleven franchise in Encinitas, California. The sales contract stated that the approval of 7-Eleven was necessary for the sale to be consummated. Plaintiffs completed an application and submitted to a psychological test. Later, Plaintiffs were informed by 7-Eleven that "it is not in our mutual best interest to pursue the possibility of franchising a 7-Eleven store to you at this time." Mot. at 2.

1  On May 16, 2006, Defendants answered and moved to dismiss the complaint's request for "[a]ffirmative relief in the form of requiring Defendants to make another 7-Eleven franchise available to Plaintiffs in a neighborhood comparable to the Encinitas location for which Plaintiffs were denied a franchise." Oppo. at 2. The court granted Defendants' motion and ordered the requests for affirmative relief be stricken from the complaint. See Docket No. 15.

Now, plaintiffs move for leave to file the FAC, which proposes to add claims arising under 42 U.S.C. §§ 1982, 1985(3), and 1986. The FAC also substitutes Steve Bonville, defendant 7-Eleven's franchise sale manager, for a Doe defendant. The FAC includes the same requests for affirmative relief that were struck pursuant to the court's ruling on Defendants' motion to dismiss described in the preceding paragraph. Plaintiffs acknowledge that this was in error and have withdrawn their requests in the present motion for such affirmative relief. Reply at 1.

## II.   DISCUSSION

Leave to amend "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). "The propriety of a motion for leave to amend is generally determined by reference to several factors: (1) undue delay; (2) bad faith; (3) futility of amendment; and (4) prejudice to the opposing party." Hurn v. Retirement Fund Trust of Plumbing, Heating & Piping Industry of So. Calif., 648 F.2d 1252, 1254 (9th Cir. 1981). Here, the parties' dispute centers on whether the proposed amendments would be futile.

### A.   Section 1982 Claim

"All citizens of the United States shall have the same right, in every State and Territory, as is enjoyed by white citizens thereof to inherit, purchase, lease, sell, hold, and convey real and personal property." 42 U.S.C. § 1982. To state a claim under Section 1982, a party must allege an impairment of the type of property interest protected by the statutory language. City of Memphis v. Greene, 451 U.S. 100, 123-24 (1981).

Defendants argue that the weight of authority holds that contract rights, such as a franchise agreement, are not a property interest protected by Section 1982. See, e.g., Nolan's Auto Body Shop, Inc. v. Allstate Ins. Co., 711 F. Supp. 475, 477 (N.D. Ill. 1989) (finding that contractual rights are not protected under Section 1982).

1    Relying on Sims v. Order of United Commercial Travelers of America, 343 F. Supp. 112, 115
2  (D. Mass. 1972) (contract rights are protected property interests under Section 1982) and O.H. v.
3  Oakland Unified Sch. Dist., 2000 U.S. Dist. LEXIS 21725 (N.D. Cal. Apr. 17, 2000) (same), Plaintiffs
4  respond that

> 7-Eleven's discriminatory refusal to sell Plaintiffs a franchise violates Plaintiffs' Section 1982 rights by way of 7-Eleven's refusal to permit Plaintiffs to sell goods in a 7-Eleven franchise, which is itself of substantial value to a purchaser. For example, the good will and brand recognition of a 7-Eleven franchise certainly has value and is likely considered by prospective 7-Eleven franchisees.

8  Reply at 3; Mot. at 5.

9    While the holdings in Sims and O.H. help Plaintiff, the court agrees with Defendants that the
10 modern majority rule is that Section 1982 does not protect contractual rights such as the franchise
11 agreement at issue here. The reasoning of Nolan's, supra, is persuasive. In that case, plaintiff auto
12 body shop owner filed suit against defendant insurer's termination of plaintiff's status as a "direct
13 repair" shop. As a direct repair shop, plaintiff could provide body repair service more quickly and
14 conveniently to the defendant's insureds. Plaintiff alleged that defendant impermissibly terminated
15 his direct repair status on the basis of race and brought, inter alia, a Section 1982 claim. Nolan's, 711
16 F. Supp. at 476. On the defendant's motion to dismiss, the court provided,

> [P]laintiffs suggest their interest is protectible under § 1982 because their right to act as [defendant] Allstate's agent was contractual . . . plaintiffs' argument assumes that contractual rights are protected by § 1982. While plaintiffs offer no support for this position, Allstate cites several cases holding that contractual rights are not protected under § 1982. *See Schirmer* [1987 WL 9280, at *4 (E.D. Pa. Apr. 9, 1987)]; *Jurado* [v. Eleven-Fifty Corp., 630 F. Supp. 569, 570 (C.D. Cal. 1985)]. The plain language of § 1982 appears to buttress these courts' conclusions . . . . Therefore, plaintiffs' § 1982 claim must be dismissed.

22 Nolan's, 711 F. Supp. at 477; see also Hunter v. American General Life and Accident Ins. Co., 375
23 F. Supp. 2d 442, 445 (D.S.C. 2005) (providing that "the prevailing view is that Section 1982 does not
24 apply to contract rights").

25    The interest at stake here is the right to contract, not the right to purchase personal property.
26 Therefore, based on the authorities above, Section 1982 is inapplicable. The court is unpersuaded by
27 Plaintiffs' argument that their claim is premised not on contract rights, but on the right to buy and sell
28 goods by way of a 7-Eleven franchise agreement, and therefore a right to purchase personal property

1 under Section 1982. See Reply at 2. What Plaintiffs want from defendants is permission to buy and
2 sell goods using the 7-Eleven name, not to buy and sell goods directly from or to Defendants. See id.
3 ("Plaintiffs' Section 1982 claim is related to Defendant's discriminatory refusal to *permit* Plaintiffs
4 to sell or distribute goods by means of a 7-Eleven franchise.") (emphasis added).

5      In addition, the court agrees with Defendants that allowing a Section 1982 claim here would
6 render Section 1981, which explicitly protects contract rights, duplicative.[1] Hunter, 375 F. Supp. at
7 445-46 (D.S.C. 2005). Such a construction of Section 1982 would violate the traditional notion of
8 statutory construction that courts should not "interpret a statutory provision so as to render superfluous
9 other provisions in the same enactment." Freytag v. Commissioner of Internal Revenue, 501 U.S. 868,
10 877 (1991) (quotations omitted); General Bldg. Contractors Ass'n v. Pennsylvania, 458 U.S. 375, 384
11 (1982) (providing that Sections 1981 and 1982 originate from the same legislative enactment, the Civil
12 Rights Act of 1866).

13      For these reasons, the court finds that the proposed Section 1982 claim is futile and
14 accordingly, the motion for leave to amend to add that claim is denied.

15      **B.**    **Section 1985(3) Claim**

16      Section 1985(3) makes it unlawful to conspire to interfere with any person's civil rights. The
17 amended complaint alleges that defendant Steve Bonville, a 7-Eleven franchise manager, conspired
18 with defendant 7-Eleven, Inc. to deprive Plaintiffs of their civil rights. Mot., Ex. A ¶ 7. The parties
19 dispute whether the Intracorporate Conspiracy Doctrine ("ICD") bars Plaintiffs from asserting such
20 a claim, thereby rendering amendment futile.
21 / / /

---

[1] Section 1981 provides in relevant part,

> All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

42 U.S.C. § 1981(a).

Under the ICD, a corporation cannot conspire with its own employees or agents as a matter of law. Schmitz v. Mars, Inc., 261 F. Supp. 2d 1226, 1234-35 (D. Or. 2003) (citing Hoefer v. Fluor Daniel, Inc., 92 F. Supp. 2d 1055, 1057 (C.D. Cal. 2000)). The logic behind the ICD is that a conspiracy requires a meeting of the minds; since a corporation and its agents are the same "mind", the two cannot conspire with one another. See Hoefer, 92 F. Supp. 2d at 1057.

Circuit courts are divided on whether the ICD bars a Section 1985 claim where the defendants are a corporation or government entity and its individual agents. The Ninth Circuit has not yet addressed the issue. See Blunt v. City of Sacramento, 2006 WL 509539, at *12 (E.D. Cal. Mar. 2, 2006). After reviewing the numerous Ninth Circuit district court decisions cited in the briefs, the court concludes that the modern and majority rule is that the ICD does bar such a claim. See, e.g., Blunt, Hoefer, Schmitz, supra; Rabkin v. Dean, 856 F. Supp. 543, 552 (N.D. Cal. 1994); cf. White v. Pacific Media Group, Inc., 322 F. Supp. 2d 1101, 1112 (D. Haw. 2004). Plaintiff relies on Washington v. Duty Free Shoppers, 696 F. Supp. 1323, 1325-28 (N.D. Cal. 1988) and Rebel Van Lines v. City of Compton, 663 F. Supp. 786, 791 (C.D. Cal. 1987), two cases holding that the ICD presents no bar to a Section 1985 claim. However, these authorities have been superseded by more recent decisions from those district courts now holding to the contrary. Hoefer, 92 F. Supp. 2d at 1057; Rabkin, 856 F. Supp. at 552.

The court finds that the ICD bars Plaintiffs from asserting a Section 1983(3) claim against Defendants. Accordingly, allowing leave to amend to include this claim would be futile and is therefore denied.[2]

**C.    Section 1986 Claim**

Section 1986 provides in relevant part:

> Every person who, having knowledge that any of the wrongs conspired to be done, and mentioned in section 1985 of this title, are about to be committed, and having power to prevent or aid in preventing the commission of the same,

---

[2] In light of Rule 15(a)'s liberal leave policy, the court notes that should the Ninth Circuit rule on the ICD issue change in Plaintiffs' favor while this action is still pending, Plaintiffs are free to move for leave to amend their complaint accordingly.

> neglects or refuses so to do, if such wrongful act be committed, shall be liable to the party injured, or his legal representatives, for all damages caused by such wrongful act, which such person by reasonable diligence could have prevented[.]

42 U.S.C. § 1986. A claim can be stated under Section 1986 only if the complaint contains a valid Section 1985 claim. McCalden v. California Library Ass'n, 955 F.2d 1214, 1223 (9th Cir. 1990). Since the court finds that Plaintiffs cannot state a Section 1983(3) claim, it also finds that they cannot state a Section 1986 claim. Accordingly, leave to add a Section 1986 claim is denied.

### D.     Substitution of Bonville for a "Doe" Defendant

Finally, Plaintiffs seek to substitute Steve Bonville, 7-Eleven's franchise sale manager, for a Doe defendant.[3] Bonville was described in the original complaint. Compl. ¶ 17. Defendants do not oppose this proposed substitution. Therefore, the court grants Plaintiffs leave to amend their complaint to name Bonville as defendant.

## III.   CONCLUSION

For the foregoing reasons, Plaintiffs' motion for leave to file the FAC is **DENIED** with respect to the proposed claims arising under Sections 1982, 1985(3), and 1986, and **GRANTED** with respect to substituting Bonville for a Doe defendant.

**IT IS SO ORDERED.**

DATED: November 7, 2006

_____
Hon. Jeffrey T. Miller
United States District Judge

cc: All Parties

---

[3] The Ninth Circuit has recognized, without comment, the use in federal court of the California rule on fictitious "Doe" defendants in civil rights actions. See Cal. Civ. Proc. Code § 474; Merritt v. County of Los Angeles, 875 F.2d 765, 766-68 (9th Cir. 1989).