1

2

3

4

5

6

7

8                        **UNITED STATES DISTRICT COURT**

9                       **SOUTHERN DISTRICT OF CALIFORNIA**

10   TESFAZGHI WOLDEAB, BISRAT              CASE NO. 06 CV 0615 JM (LSP)
     ANDEMICAEL,
11                                          **ORDER DENYING DEFENDANT**
                                  Plaintiffs,   **BONNVILLE'S MOTION TO**
12        vs.                               **DISMISS AND MOTION TO STRIKE**

13   7-ELEVEN, INC., et al.,                **[Docket Nos. 38, 39]**

14                                Defendants.

15

16          Defendant Steven Bonnville moves to dismiss pursuant to Rule 12(b)(6) of the Federal Rules

17   of Civil Procedure Plaintiffs' second, third, fourth, sixth, seventh, eighth, and eleventh causes of

18   action.  Bonnville also moves to strike Plaintiffs' request for affirmative relief in the form of a 7-

19   Eleven franchise.  Plaintiffs oppose the motion.  The court hereby **DENIES** Bonnville's motion in its

20   entirety for the following reasons.

21   **I.      BACKGROUND**

22          On March 20, 2006, Plaintiffs, immigrants from Eritrea, filed this action against Defendants

23   7-Eleven, Inc. and Does I-XX, alleging racially discriminatory business practices arising out of the

24   following events.   In 2005, Plaintiffs attempted to purchase a 7-Eleven franchise in Encinitas,

25   California.  The sales contract stated that the approval of 7-Eleven was necessary for the sale to be

26   consummated.  Plaintiffs completed an application and submitted to a psychological test.  Later,

27   Plaintiffs were informed by 7-Eleven that "it is not in our mutual best interest to pursue the possibility

28   of franchising a 7-Eleven store to you at this time."  Mot. at 2.

The complaint alleged eleven causes of action:  (1) violation of 42 U.S.C. § 1981; (2) discrimination in violation of California Civil Code § 51; (3) violation of California Civil Code § 51.5; (4) violation of California Civil Code § 51.8; (5) violation of the California Constitution; (6) violation of the Thirteenth Amendment; (7) tortious interference with contract; (8) tortious interference with prospective economic advantage; (9) fair lending violation; (10) unfair competition; and (11) violation of California Civil Code § 51.2.

On July 6, 2006, the court granted defendant 7-Eleven's motion to dismiss the second, third, sixth, seventh, eighth, and eleventh claims, and also granted 7-Eleven's motion to strike Plaintiffs' request for affirmative relief.  See Docket No. 15.  Thereafter, Plaintiffs moved for leave to amend their complaint to add new claims and to add Bonnville, defendant 7-Eleven's franchise manager, as a defendant.  On November 8, 2006, the court denied leave to add the new claims on futility grounds, but granted leave to add Bonnville as defendant.  See Docket No. 36.

Now Bonnville moves to dismiss and moves to strike.  The court has already dismissed the second, third, sixth, seventh, eighth, and eleventh claims pursuant to its July 6, 2006 order.  The court has also previously granted the motion to strike with respect to the complaint's prayer for affirmative relief.  Therefore, Bonnville's motion with respect to these claims and his motion to strike are denied as moot.

No defendant, however, has yet moved to dismiss the fourth claim for violation of California Civil Code § 51.8.  The court now turns to the parties' arguments with respect to whether Plaintiffs have failed to state a § 51.8 claim against Bonnville.

**II.     STANDARD OF REVIEW**

Rule 12(b)(6) allows a court to dismiss a complaint for failure to state a claim upon which relief can be granted.  Such a dismissal can be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.  See Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir. 1988).  In applying this standard, the court must treat all of the plaintiff's factual allegations as true.  Experimental Eng'g, Inc. v. United Technologies Corp., 614 F.2d 1244, 1245 (9th Cir. 1980).  Plaintiffs' claims should not be dismissed on the pleadings "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would

1  entitle him to relief."  <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957); <u>Amfac Mortgage Corp. v.</u>

2  <u>Arizona Mall of Tempe, Inc.</u>, 583 F.2d 426, 429 (9th Cir. 1978).

3  **III.    DISCUSSION**

4          Preliminarily it should be noted that the only operative complaint here is the original one filed

5  on March 20, 2006.  When Plaintiffs moved for leave to amend, they attached to their motion a first

6  amended complaint as Exhibit A ("Exhibit A" or "putative complaint").  <u>See</u> Docket No. 25.  After

7  the court granted in part and denied in part the motion on November 8, 2006 (the "November 8th

8  Order"), Plaintiffs did not thereafter file an amended complaint.  <u>See</u> Docket No. 36.  It appears from

9  the present motion, however, that the parties are proceeding as if Exhibit A is the operative complaint,

10  which it is not because it was never filed.  In the interest of moving this litigation forward, the court

11  decides the present motion on the basis of the putative complaint.  However, Plaintiffs must file an

12  amended complaint consistent with this order as well as the November 8th Order no later than ten days

13  from the entry of this order.

14          Bonnville's sole argument for why Plaintiffs' fourth claim for violation of § 51.8 should be

15  dismissed is because the complaint fails to allege that he is a "franchisor."  Section 51.8 provides in

16  relevant part,

17          No franchisor shall discriminate in the granting of franchises solely on account of any
            characteristic listed or defined in subdivision (b) or (e) of Section 51 of the franchisee
18          and the composition of a neighborhood or geographic area reflecting any characteristic
            listed or defined in subdivision (b) or (e) of Section 51 in which the franchise is located.
19

20  Cal. Civ. Code § 51.8.  Thus, the language of § 51.8 shows that its prohibitions apply only to one who

21  is a "franchisor."

22          Although the putative complaint alleges that defendant 7-Eleven, Inc. is a "franchisor", it fails

23  to make the same allegation with respect to defendant Bonnville.  <u>See</u> Docket No. 25, Ex. A ¶ 46.

24  Plaintiffs argue that the paragraphs subsequent to paragraph 46[1] allege that "Defendants" acted to

25  violate § 51.8, that Bonnville is a defendant in this action, and that therefore a reasonable inference

26  can be made that the putative complaint alleges Bonnville is also a "franchisor."  Relying on <u>Frances</u>

27  _____

28          [1] In their opposition, Plaintiffs refer to paragraph 43 of the original complaint actually filed.  However, it appears
    that Plaintiffs actually intended to refer to the putative complaint since only the putative complaint names Bonnville as
    defendant.

1  T. v. Vill. Green Owners Ass'n, 42 Cal. 3d 490, 505 (1986), Plaintiffs argue in the alternative that

2  under California law, Bonnville is independently liable for his own tortious acts, regardless of the role

3  played by 7-Eleven.

4         The language of § 51.8 supports a construction that alleging the existence of a "franchisor"

5  is a necessary element for a claim under that section.  Although the parties have not provided the court

6  with any authority on who can or cannot be a "franchisor" for purposes of § 51.8, "[t]he Federal Rules

7  reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive

8  to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision

9  on the merits." Conley, 355 U.S. at 48.  The complaint alleges that Bonnville is 7-Eleven's franchise

10  manager. See Docket No. 25, Ex. A ¶ 17.  Thus, on the current record, a reasonable inference can

11  be made that Plaintiffs have alleged Bonnville to be a "franchisor."  The court cannot say that it

12  appears "beyond doubt" that Plaintiffs can prove no set of facts that would entitle them to § 51.8 relief

13  against Bonnville. Conley, 355 at 45.  That being said, the court is already ordering Plaintiffs to file

14  an amended complaint; it will not cause an undue burden on Plaintiffs to simply add the allegation that

15  Bonnville is a "franchisor."

16         With respect to Plaintiffs' contention that Bonnville is independently liable for his own tortious

17  acts, it is unclear what Plaintiffs' precise argument is here.  In any case, the court need not address it

18  since it finds that the putative complaint makes the reasonable inference that Bonnville is a

19  "franchisor."

20  **IV.     CONCLUSION**

21         For the foregoing reasons, Bonnville's motion to dismiss with respect to the fourth claim

22  arising under § 51.8 is **DENIED**.  With respect to the second, third, sixth, seventh, eighth, and

23  eleventh claims, the motion is **DENIED** as moot. The motion to strike is also **DENIED** as moot.

24  Plaintiffs must file an amended complaint no later than ten (10) days from entry of this order.

25         **IT IS SO ORDERED.**

26  DATED:  January 16, 2007

27

28  cc: All Parties

Hon. Jeffrey T. Miller
United States District Judge