UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TESFAZGHI WOLDEAB, et al.,<br><br>　　　　Plaintiffs,<br><br>v.<br><br>7-ELEVEN, et al.,<br><br>　　　　Defendants. | Civil No. 06-0615-JM(LSP)<br><br>ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' APPLICATION TO EXTEND CASE MANAGEMENT DATES<br><br>ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' APPLICATION TO COMPEL FURTHER RESPONSES TO INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS |

Plaintiff's Application to Extend the Case Management Dates is GRANTED in part and DENIED in part.

The date by which each expert witness designated by a party shall prepare a written report and provide the report to all other parties, is extended to February 20, 2007.

The date by which any expert witness designated by a party shall supplement any of his/her expert reports regarding evidence intended solely to contradict or rebut evidence on the same subject matter identified in an expert report submitted by another party, is extended to March 5, 2007.

\\

1       Plaintiffs' Application to Compel Further Responses to
2  Interrogatories and Requests for Production of Documents is GRANTED
3  in part and DENIED in part.
4       The Court addresses each interrogatory and request for
5  production of documents:
6  <u>Interogatory #7</u>
7       Plaintiffs' interrogatory is overly broad. Moreover, neither
8  Plaintiffs nor Defendant address the issue of whether or not the
9  conditions under which Plaintiffs took the test were sub-standard,
10 oppressive, or would otherwise provide a basis upon which the Court
11 could conclude that a comparison of other facilities in which the
12 test is given, in California or elsewhere, is necessary or appropri-
13 ate.  Only local testing conditions are relevant to Plaintiffs'
14 claims, absent some showing by Plaintiffs that they were subjected
15 to sub-standard conditions when they took the test. Plaintiffs'
16 Application to Compel Further Response to Interrogatory #7 is
17 DENIED.
18 <u>Interrogatory #8</u>
19      Plaintiffs have failed to adequately explain how Defendant's
20 response to the interrogatory is "evasive" or otherwise fails to
21 substantiate its belief that the test is adequate.  Defendant's
22 response is sufficient.  Plaintiff's Application to Compel Further
23 Response to Interrogatory #8 is DENIED.
24 <u>Interrogatory #9</u>
25      Defendant's Response to this interrogatory is adequate.
26 Plaintiffs' Application to Compel Further Response to Interrogatory
27 #9 is DENIED.
28 \\

Interrogatory #13

Defendant's argument that Plaintiffs' Complaint (and First Amended Complaint) at paragraph 20, indicates that "non-white franchisees are statistically under-represented with respect to the population of California" is correct.  Plaintiff has not clearly alleged a nation-wide pattern of discrimination. While paragraph 20 contains allegations which arguably exceed California boundaries, Plaintiffs' claims of alleged intentional discrimination are locally focused.  Therefore, the Court concludes that the information sought in this interrogatory will not lead to admissible evidence with regard to whether or not Plaintiffs in this case suffered discrimination in the application process. Plaintiffs' Application to Compel Further Response to Interrogatory #13 is DENIED.

Interrogatory #16

This interrogatory is overly broad. The Court cannot discern how *all* lawsuits brought against Defendant in the last ten years that allege racial discrimination, could be relevant or lead to the discovery of admissible evidence. However, Plaintiffs are entitled to discover all claims of non-white franchise applicants in California who were denied a franchise during the franchise application process for a reasonable time period.  Therefore, Defendant shall further respond to this interrogatory by identifying the name and case number of any cases in California in which non-white franchise applicants in California were denied franchises during the franchise application process from January 1, 1995 to January 1, 2005.[1] Plaintiffs' Application to Compel Further Response

---

[1] The Court notes that Defendant stated in its Opposition to Plaintiffs' Application that it has determined that, not including employment discrimination cases, it has not been a Defendant in a lawsuit alleging racial discrimination in franchising or failure to

to Interrogatory #16 is GRANTED in part and DENIED in part.

Request for Production of Documents #1

This Request for Production of Documents is overly broad. The Court cannot discern how *all* lawsuits brought against Defendant in the last ten years that allege racial discrimination, could be relevant or lead to the discovery of admissible evidence. However, Plaintiffs are entitled to discover all claims of non-white franchise applicants in California who were denied a franchise during the franchise application process for a reasonable time period. Therefore, Defendant shall further respond to this request for production of documents by producing all documents it has in its possession, custody and control which identify the name and case number of any cases in California in which non-white franchise applicants in California were denied franchises during the franchise application process from January 1, 1995 to January 1, 2005.[2] Plaintiffs' Application to Compel Further Response to Request for Production of Documents #1 is GRANTED in part and DENIED in part.

Request for Production of Documents #8

This Request for Production of Documents is overly broad. The Court cannot discern how *all* documents that track the racial, ethnic or national origin of all Defendant's franchisees could be relevant or lead to the discovery of admissible evidence. However, Plaintiffs are entitled to discover the race, national origin or ethnicity of Defendant's franchisees in California. To this end, Defendant has informed the Court that it has no documents that are responsive to

---

contract in the last ten years anywhere in the United States. If Defendant has not provided a formal response to Plaintiffs in this regard, it shall do so.

[2] See footnote 1.

this Request, but can produce a report showing the races of all franchisees in California as of October 31, 2006, the date of the discontinuation of Plaintiffs' franchise application. Therefore, Defendant shall provide a formal response to this Request stating that it has no documents responsive to the request and produce a report from data it possesses that shows the races of all franchisees in California as of October 31, 2006. Plaintiffs' Application to Compel Further Response to Request for Production of Documents #8 is GRANTED in part and DENIED in part.

The date by which all discovery in this case shall be completed is extended to <u>March 23, 2007</u>.[3] The date by which all discovery shall be completed is extended **solely for the purpose of compliance with this Order.  No further extensions of Case Management dates will be granted, except upon a showing of good cause.** "*Completed*" means that all discovery under Rules 30-36 of the Federal Rules of Civil Procedure must be initiated a sufficient period of time in advance of the cut-off date, so *that it may be completed* by the cut-off date, taking into account the times for services, notice, and response as set forth in the Federal Rules of Civil Procedure.

The date and time of the Settlement Conference on <u>February 12,</u>

---

[3] Plaintiff's Application notes that on November 22, 2006, Defendant responded to Plaintiffs' discovery requests that are discussed in this Order. On January 3, 2007, the parties agreed to extend the date for seeking an order compelling responses to the discovery requests to January 5, 2007.  On January 5, 2007, the parties agreed to extend the date for seeking an order compelling responses to the discovery requests to January 9, 2007.  While counsel are required to meet and confer regarding their discovery disputes before bringing them to the court's attention, the Court is concerned that Plaintiffs did not bring to the Court's attention the current discovery dispute until January 9, 2007.  Plaintiffs' counsel's allowing this discovery dispute to drag on from November 22, 2006 to January 9, 2007 indicates to the Court that Plaintiffs' counsel has been dilatory in his discovery obligations in this case.

1  <u>2007</u> at <u>9:00 AM</u> is vacated and reset for <u>April 11, 2007</u> at <u>9:00 AM</u>.
2  IT IS SO ORDERED.
3
4  DATED:   January 30, 2007

                                          _____
                                          Hon. Leo S. Papas
                                          U.S. Magistrate Judge